UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY,

           Plaintiff,

    vs.

DIAMOND HR BENEFITS LLC,

           Defendant.

Civ. A. No. _____

## COMPLAINT

Plaintiff Clear Spring Property and Casualty Company ("CSPCC"), by its undersigned attorneys, for its Complaint against Defendant Diamond HR Benefits LLC ("Diamond"), states and alleges as follows:

### THE PARTIES

1. CSPCC is a property and casualty insurance company with its principal place of business in Chicago, Illinois.

2. Upon information and belief, Diamond is a professional employer organization, organized under the laws of Florida, with its principal place of business at 202 Caton Avenue, Brooklyn, New York 11218.

### JURSIDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse citizens and the amount in controversy exceeds $75,000.

4. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201 for declaratory relief.

5. This Court has personal jurisdiction over Diamond with its principal place of business in New York City.

6. This Court has jurisdiction over this action and authority to issue declaratory relief pursuant to NY CPLR § 3001.

7. Venue is appropriate in this district under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to CSPCC's claims occurred in this district, and because Defendant does business in New York City, New York.

## GENERAL ALLEGATIONS

8. Diamond entered into a series of workers' compensation policies ("the Policies") with CSPCC for its client companies with effective dates from January 1, 2020 to January 1, 2021.

9. Diamond then renewed many of these policies with effective dates from January 1, 2021 to January 1, 2022.

10. Diamond simultaneously entered into the Policies and a Large Deductible Program Agreement ("Program Agreement") pursuant to which CSPCC provided workers' compensation coverage and related claim services to Diamond. *See* Large Deductible Program Agreement, § 5, attached as **Exhibit 1**.

11. Under the Policies and Program Agreement, CSPCC administers and pays the workers' compensation claims in accordance with the terms of the Policies and the workers' compensation statutes and regulations in each state.

12. When CSPCC pays a claim, it draws down from Diamond's collateral the amounts due within the Policies' deductible and Allocated Loss Adjustment Expense ("ALAE"). Although Diamond is current in its deductible and ALAE reimbursement obligations to CSPCC, Diamond

2

has breached its obligation to post and maintain the contractually-required collateral to secure future payments under the Program Agreement.

14. Under the Program Agreement, Diamond is required to post and maintain sufficient collateral to secure certain obligations arising from the Policies. Ex. 1

15. Section 5 of the Program Agreement provides for the following Collateral requirements:

   a. Insured shall provide CSPCC and thereafter maintain, collateral in an amount equal to the greater of: (1) one-hundred fifteen percent (115%) of Insured's expected loss under the Policy as determined by CSPCC at the time of Policy inception as set forth on Schedule A; or (2) two-hundred percent (200%) of open pending case reserves, which shall include the Allocated Loss Adjusted Expenses identified on Schedule B (the "Collateral").

   b. If CSPCC deems that there is a material change in the risk of the insurance program, CSPCC, in its sole discretion, may request, and the Insured agrees to provide, additional collateral beyond that set forth in Section 5(a) of this Agreement.

   c. The Collateral shall be in the form of either cash, an approved letter of credit, or some other form of collateral as agreed to in the sole discretion of CSPCC.

   d. The Parties agree that CSPCC, in its sole discretion, may access, and make use of, the full amount of the Collateral for any purpose related to the insurance program.

Ex. 1, § 5.

15. Despite due demand, Diamond has failed to meet the collateral requirements, and the terms and conditions of the collateral requirements remain in full force and effect until all losses under the Policies are settled.

16. On August 23, 2022, CSPCC sent a "Collateral Invoice" to Diamond. Collateral Invoice, attached as **Exhibit 2**.

17. The Collateral Invoice requested that Diamond post additional collateral in an amount that equals 200% of the open pending case reserves, pursuant to Section 5 of the Program Agreement. Ex. 2.

18. Specifically, CSPCC requested that Diamond post an additional $5,141,462.09 in collateral (to equal 200% of its pending case reserves as of July 31, 2022) to meet its obligations under Section 5(a)(2) of the Program Agreement. Ex. 2.

19. The additional collateral set forth in the Collateral Invoice was required by September 6, 2022. Ex. 2.

20. After receiving no response, CSPCC sent another letter on September 15, 2022 attaching the Collateral Invoice. September 15, 2022 letter attached as **Exhibit 3**.

21. In the September 15 letter, CSPCC instructed Diamond that its failure to post additional collateral to meet its collateral obligations is a breach of the Program Agreement and the Policies and that CSPCC would avail itself of any remedies should no response be received by September 26, 2022.

22. Again, Diamond did not respond.

23. In yet another attempt to allow Diamond the opportunity to meet its collateral obligations, counsel for CSPCC sent a demand letter to Mr. Samuel Schlesinger at Diamond explaining Diamond's failure to maintain the proper level of collateral and demanding payment. Demand Letter attached as **Exhibit 4**.

24. Diamond did not respond to the letter from CSPCC's counsel, nor has it posted the amount of collateral required in any of the approved forms (cash, approved letter of credit, or some other form of collateral as agreed to by CSPCC). Ex. 1.

25. Diamond continues to rely on CSPCC for administration and payment of its open workers' compensation claims and services pursuant to the Policy and Program Agreement, and CSPCC continues to pay the open workers' compensation claims within Diamond's deductible layer. In other words, Diamond continues to enjoy all of the benefits of its bargain with CSPCC, but has failed and refused to perform its obligations under the agreement.

26. As of November 30, 2022, the amount of Collateral required is $4,873,910.83 (200% of pending case reserves).

27. Diamond's continued refusal to post and maintain the minimum collateral required under the Program Agreement constitutes a breach of its contract with the CSPCC.

## COUNT I – BREACH OF CONTRACT

28. CSPCC restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

29. The Program Agreement is a valid and binding contract between CSPCC and Diamond.

30. The Program Agreement requires that Diamond post and maintain with CSPCC sufficient collateral in cash, approved letter of credit, or some other form of collateral as agreed to by CSPCC. Ex. 1.

31. The Program Agreement mandates that Diamond provide to CSPCC additional collateral in an amount equal to 200% of case reserves.

32. Diamond failed to post 200% of case reserves after it received the Collateral Invoice and demand letters from CSPCC and its counsel.

33. The amount currently due under the Program Agreement, 200% of pending case reserves as of November 30, 2022, is $4,873,910.83.

34. Diamond materially breached the Program Agreement by failing to post and maintain sufficient collateral (200% of open case reserves) as required under the Program Agreement.

35. CSPCC seeks specific performance from Diamond to post an additional $4,873,910.83 in collateral as required under the Program Agreement.

WHEREFORE, Plaintiff Clear Spring Property and Casualty Company requests the Court enter judgment in its favor and against Diamond by ordering Diamond to specifically perform its obligations under the contract by procuring sufficient additional collateral in the amount of $4,873,910.83 as required under the Program Agreement.

## COUNT II – DECLARATORY RELIEF
### (FEDERAL DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201-2202)

36. CSPCC restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

37. To the extent this count—in whole or in part—is contradictory or exclusive of other counts in this complaint, this count is stated in the alternative.

38. Diamond failed to take action upon receipt of the Collateral Invoice to post an additional $5,141,462.09 in collateral as required under the Program Agreement as of July 31, 2022.

39. Because CSPCC's large deductible workers' compensation claims are being paid pursuant to the terms of the Policies and the Program Agreement, Diamond is in default of these contracts.

40. Diamond is still relying on the Policies and the Program Agreement for CSPCC to administrate and pay its workers' compensation claims.

41. Despite the insufficient collateral, CSPCC continues to perform its obligations under the Policies and the Program Program Agreement.

42. There is no harm to Diamond by this Court mandating it comply with the collateral requirements set forth in the Program Agreement that Diamond executed and agreed to.

43. Accordingly, CSPCC requests that the Court order Diamond to post and maintain collateral in an amount equal to 200% of case reserves, in an acceptable form, until all losses under the Policies are settled.

44. A real, immediate, actual justifiable, and substantial continuing controversy exists between CSPCC and Diamond as to whether Diamond's actions violate the Program Agreement.

45. There is a bona fide, actual, present, and practical need for a declaration of CSPCC's right to require Diamond to post and maintain collateral in an amount equal to 200% of its case reserves, in an acceptable form.

46. CSPCC's interest in the declaration of its rights is actual and adverse to those of Diamond's.

47. All conditions precedent to the relief demanded herein have been performed.

WHEREFORE, Plaintiff Clear Spring Property and Casualty Company requests the Court enter judgment in its favor, declaring Diamond has an obligation under the Program Agreement to post and maintain collateral in an amount equal to 200% of open case reserves, in an acceptable form, until all losses under the Policies are settled.

## COUNT III – DECLARATORY JUDGMENT
**(Declaratory Relief NY CPLR § 3001)**

48. CSPCC restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

49. CSPCC has a reasonable basis to request that Diamond comply with the Program Agreement.

50. CSPCC properly notified Diamond of its deficiencies and respective duties under the Program Agreement.

51. Diamond willfully breached the duty it owed CSPCC under the Program Agreement.

52. Because CSPCC's large deductible workers' compensation claims are being administered and paid under the terms of the Policies and the Program Agreement, Diamond is in default of these agreements.

53. Diamond is still relying on CSPC to administrate and pay its workers' compensation claims pursuant to the Policies and Program Agreement.

54. Despite the insufficient collateral, CSPCC continues to perform its obligations under the Policies and the Program Agreement.

55. There is no harm to Diamond by this Court mandating it comply with the collateral requirements set forth in the Program Agreement that Diamond executed and agreed to.

56. Accordingly, CSPCC requests that the Court order Diamond to post and maintain collateral in an amount equal to 200% of open case reserves, in an acceptable form, until all losses under the Policies are settled.

WHEREFORE, Plaintiff Clear Spring Property and Casualty Company requests the Court enter judgment in its favor, declaring Diamond has an obligation under the Program Agreement to post and maintain collateral in an amount equal to 200% of open case reserves, in an acceptable form, until all losses under the Policies are settled.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Clear Spring Property and Casualty Company requests that judgment be entered in its favor and prays that the Court grant the following relief:

(a) A judgment declaring Diamond must post sufficient additional collateral in the amount of $4,873,910.83 as of November 30, 2022 as required under the Program Agreement;

(b) A judgment declaring Diamond is required to post and maintain collateral in an amount equal to 200% of open case reserves, in an acceptable form, until all losses under the Policies are settled;

(c) A judgment awarding CSPCC its costs and reasonable expenses to the fullest extent permitted by law; and

(d) A judgment awarding CSPCC any other remedy or relief as the Court may deem just and proper.

Dated: December 30, 2022                **BRYAN CAVE LEIGHTON PAISNER, LLP**

By: _/s/ David Miller_
David Miller (Bar #5261896)
1290 6th Ave.
New York, NY 10104-3300
Phone: 212-541-0224
David.Miller@bclplaw.com

*ATTORNEYS FOR PLAINTIFF*

9